# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ALQUANDRE H. TURNER,

    Petitioner,

vs.

WARDEN LEGRAND, *et al.*,

    Respondents.

3:13-CV-0096-RCJ-WGC

**ORDER**

Alquandre Turner, a prisoner at the Lovelock Correctional Center in Nevada, has submitted a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and has paid the filing fee for that petition (ECF Nos. 1 and 2). He also seeks appointment of counsel (ECF No. 3). Petitioner signed the petition to the Court on February 19, 2013 (*see* petition, p. 9). The petition was received by the Court on March 1, 2013.

The Court will order the petition served on the respondents at this time, but will not require a response because it appears likely that the petition was filed outside the applicable one-year limitations period, and may be subject to dismissal on that basis.

Timeliness of Petition

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) came into effect. Pub.L. No. 104-132, 110 Stat. 1214-1226 (1996). The AEDPA made various amendments to the statutes controlling federal habeas corpus practice. One of the amendments imposed a one-year statute of

limitations on the filing of federal habeas corpus petitions.  With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D).

The AEDPA limitations period is tolled while a "properly filed application" for post conviction or other collateral relief is pending before a state court.  28 U.S.C. § 2244(d)(2).  A "properly filed application" is one in which the "delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Dictado v. Ducharme,* 244 F.3d 724, 726-27 (9th Cir. 2001), *quoting Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 364 (2000).

The AEDPA limitations period is also subject to equitable tolling. *See Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998).  Equitable tolling is available only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Beeler*, 128 F.3d at 1288.

1    According to the habeas corpus petition in this case, petitioner was convicted on June 20, 2006. *See* Petition (docket #1), p. 1, item 2. Petitioner appealed to the Nevada Supreme Court. *Id*., p. 1, item 3. That appeal was dismissed by the Nevada Supreme Court on May 9, 2007. *See id*. It is not clear from the face of the petition whether he filed a state post-conviction petition because his responses to the questions on the form are contradictory. For example, he responds to question 4 ("Did you file a petition for post-conviction relief or petition for habeas corpus in state court?") by marking the "no" option. *Id.* p. 1, item 4. He then states a petition was filed in the 8th Judicial District Court on March 30, 2009. He denies appealing the state court's decision. *Id.* Next, petitioner indicates that not all of the grounds presented in the federal petition have been presented to the state supreme court, but when asked which grounds, he indicates "0." *Id.*

Petitioner also notes that he previously filed a federal habeas petition in case number 3:08-cv-00435[-BES-VPC]. That petition was dismissed without prejudice on January 7, 2009, because petitioner failed to pay the filing fee or submit a completed application to proceed in *forma pauperis*. *See id.,* ECF Nos. 8 and 9. The time that a federal habeas petition is pending does not toll the statute of limitations. By the AEDPA's express terms, the limitations period is only tolled during the pendency of "a properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2) (emphasis added). Section 2244(d)(2) does not toll the limitations period while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S.Ct. 2120 (2001). Thus, it appears that the instant petition is untimely.

Under the AEDPA statute of limitations, a petition for writ of habeas corpus generally must be filed within one year from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A). The Ninth Circuit Court of Appeals has held that the "time for seeking direct review" under 28 U.S.C. §2244(d)(1)(A) includes the ninety-day period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court under Supreme Court Rule 13, whether or not the petitioner actually

1 files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). As a result, petitioner's "time for seeking direct review" expired, and the one-year limitations period for filing a federal habeas petition began to run, on approximately August 9, 2007, ninety days after the Nevada Supreme Court issued its decision on direct appeal.

The limitations period ran until March 30, 2009, the date that petitioner indicates he filed his state post-conviction petition. *See* Petition, p. 1, item 4. By this calculation, petitioner expired 572 days before filings his state post-conviction petition, completely expending the AEDPA limitations period. This delay would also render the state post-conviction petition untimely. Nevada Revised Statutes (NRS) § 34.726. Only a properly filed post-conviction petition or other collateral review tolls the statute of limitations for purposes of this federal petition. 28 U.S.C. § 2244(d)(2). An untimely state petition is not considered "properly filed." *Allen v. Siebert,* 552 U.S. 3, 5, 128 S.Ct. 2, 3 (U.S. 2007) citing *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807 (2005). Given that fact, petitioner has expended 2031 days or more than five and one-half years before bringing the instant petition to this court. It is untimely filed.

Petitioner apparently anticipated a procedural challenge to his petition and he has offered arguments in an attempt to overcome a procedural default. However, in this instance, the initial question is not whether the state defaulted his claims. Rather, it is whether there is good cause to allow the limitations period to be equitably tolled during some or all of the period of time that petitioner allowed to pass between the finality of his conviction and the mailing of the instant petition.

The Court will allow petitioner an opportunity to provide argument and evidence demonstrating that his petition was filed in a timely manner. Petitioner may accomplish this by showing that he did in fact have a "properly filed" state petition for post-conviction relief pending during more of the limitations period than is apparent at this point. In this regard, petitioner should inform the Court of the exact date on which the remittitur was issued with respect to the Nevada Supreme Court's affirmance of the denial of state-court habeas corpus relief. Alternatively, petitioner may provide evidence and

argument regarding the existence of some form of equitable tolling of the limitations period.[1] Equitable tolling is available only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Beeler*, 128 F.3d at 1288; *see also*, *Pace,* 544 U.S.at 418.  In certain circumstances, the misconduct of counsel can, if sufficiently egregious, justify such tolling. *Holland,* 130 S.Ct. at 2564-65.  If petitioner can do neither, or if petitioner fails to respond to this Order, the Court will enter an order dismissing the petition as untimely.

Exhaustion

It also appears that the claims of ineffective assistance of counsel which are raised herein are unexhausted.  To exhaust a claim, petitioner must have "fairly presented" that specific claim to the Supreme Court of Nevada.  *See Picard v. Conner*, 404 U.S. 270,275-76 (1971); *Schwartzmiller v. Gardner*, 752 F.2d 1341, 1344 (9th Cir. 1984).  Even the presence of one unexhausted claim requires this Court to dismiss the petition.  *Rose v. Lundy*, 455 U.S. 509, 521-22 (1982); *Szeto v. Rusen,* 709 F.2d 1340, 1341 (9th Cir. 1983).

The arguments that petitioner offers regarding this issue, particularly his reliance on *Martinez v. Ryan,* to excuse this lack of exhaustion, will only be considered if petitioner can overcome the timeliness issue.

**IT IS THEREFORE HEREBY ORDERED** that petitioner shall have thirty days from entry of this Order to to file points and authorities, together with such evidence he may have, that demonstrates either that he submitted his federal habeas corpus petition in a timely manner, or that he is entitled to equitable tolling of the one-year limitations period imposed by the Antiterrorism and Effective Death Penalty Act (AEDPA).  If petitioner is unable to demonstrate that his petition was timely submitted, or

---

[1] As noted, some of the substance of the petition appears to address a procedural default in state court. However, the information and argument offered is not on point for this discussion.  Before the Court can consider a procedural default in state court, it must determine the issue of timeliness.  Thus, additional briefing offering arguments for statutory or equitable tolling will be permitted and considered.

that he is entitled to some form of equitable tolling, or if he fails to respond to this order, the Court will enter an order dismissing the petition.

**IT IS FURTHER ORDERED** that the Clerk shall electronically serve respondents with the habeas corpus petition in this action and a copy of this Order.  Respondents need not respond to petitioner's arguments, but will be afforded an opportunity to do so within twenty days of petitioner's filing his response to this Order to Show Cause.  If a response is filed, petitioner may reply within fifteen days of service of that response.

**IT IS FURTHER ORDERED** that the motion for appointment of counsel shall be addressed after the issue of timeliness is determined.

Dated this 28th day of May, 2013.

_____
UNITED STATES DISTRICT JUDGE