# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ALQUANDRE H. TURNER,

    Petitioner,

vs.

WARDEN LEGRAND, et al.,

    Respondents.

Case No. 3:13-cv-00096-RCJ-WGC

**ORDER**

    The court directed petitioner to show cause why the action should not be dismissed as untimely. Order (#5). Before the court are petitioner's response to the order (#6), respondents' response to petitioner (#8), and petitioner's reply (#9). The court finds that petitioner has not shown good cause for the untimeliness of the action, and the court dismisses the action.

    This court takes judicial notice of the Eighth Judicial District Court's docket in State v. Turner, case number 06C219519,[1] and the Nevada Supreme Court's docket in Turner v. State, case number 47722,[2] to restate and to clarify the calculations that the court made in its earlier order. The judgment of conviction was entered on June 20, 2006. Petitioner appealed. The Nevada Supreme

---

[1] https://www.clarkcountycourts.us/Anonymous/CaseDetail.aspx?CaseID=7528487 (report generated January 16, 2014).

[2] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=15577 (report generated January 16, 2014).

Court affirmed on April 6, 2007.³  The judgment of conviction became final on July 5, 2007, when the time to petition the Supreme Court of the United States for a writ of certiorari expired.  The one-year period of limitation of 28 U.S.C. § 2244(d) started the next day.  Petitioner had nothing pending in state court until he filed a post-conviction habeas corpus petition on March 30, 2009.  By that time, 634 non-tolled days had passed, and the federal period of limitations had expired before petitioner filed his state habeas corpus petition.  Even if the state habeas corpus petition was timely filed and eligible for statutory tolling—the court's earlier order indicated that it probably was untimely—there was nothing left to toll.  Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).  Furthermore, the state district court denied that petition on July 2, 2009—the docket does not give an explanation why—and petitioner did not appeal.  It was not until February 27, 2013, more than three and a half years later, that petitioner mailed the current federal habeas corpus petition to this court.  That time alone also makes the current petition untimely.

Petitioner first argues that the current petition is timely because his first federal habeas corpus petition was timely filed and was dismissed without prejudice.⁴  Petitioner did file a habeas corpus petition in this court's unofficial southern division, case number 2:08-cv-00999-JCM-PAL, which the court transferred to the unofficial norther division, case number 3:08-cv-00435-BES-VPC.  The court dismissed that action without prejudice because petitioner did not pay the filing fee.  While a dismissal without prejudice does not bar petitioner from filing another petition, it also does not stop the limitation clock.  Any subsequently filed petition would need to be timely by itself, without any relation back to the petition that was dismissed without prejudice. Rasberry v. Garcia,

---

³Petitioner alleges incorrectly at page 1 of the petition (#2) that the appeal was decided on May 9, 2007.  Actually, on that date the Nevada Supreme Court docketed the state district court clerk's receipt of the remittitur.  The date of the decision, not the date of the mandate, is the relevant date for determining when the ninety-day period for filing a petition for a writ of certiorari starts to run.  S. Ct. R. 13(3).

⁴The court does not agree that the first federal petition was timely filed.  As the court has already noted, the period of limitations began to run after July 5, 2007.  According to the stamp from the postage meter on the envelope attached to the first federal petition, petitioner mailed that petition to the court on July 30, 2008, more than a year after his conviction became final.

448 F.3d 1150, 1154-55 (9th Cir. 2006). Consequently, the earlier federal petition does not make the current federal petition timely.[5]

Petitioner also argues that the court should grant him equitable tolling based upon Martinez v. Ryan, 132 S. Ct. 1309 (2012). In Martinez, the Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

Id. at 1320 (emphasis added). The distinction between procedural default and untimeliness is important. A claim is procedurally defaulted in federal court if the decision of the state court regarding that claim rested on a state-law ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 730-31 (1991). In petitioner's case, there is no procedural default due to an application of state law. The petition is untimely because of application of federal law, 28 U.S.C. § 2244(d). Martinez is inapplicable to petitioner's situation.

Taking Martinez aside, petitioner's argument for equitable tolling appears to be that this court and the state court should have appointed counsel to represent him in post-conviction proceedings. This argument fails for two reasons. First, petitioner has no right to appointed counsel in post-conviction proceedings. Coleman v. Thompson, 501 U.S. 722, 756-57 (1991).[6] Second, as the court has noted above, both his first federal habeas corpus petition and his state post-conviction habeas corpus petition likely were untimely. Appointment of counsel in either of those actions would not have turned back the clock. Furthermore, this court never was presented with the opportunity to consider appointment of counsel in the first federal habeas corpus petition; the court dismissed the first petition simply because petitioner did not pay the filing fee and did not explain

---

[5] The first federal petition also does not affect the court's calculations because federal petitions are ineligible for statutory tolling pursuant to 28 U.S.C. § 2244(d)(2). Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

[6] Egregious misconduct by post-conviction counsel can justify equitable tolling, but that presupposes the appointment of counsel in the first place. See Holland v. Florida, 560 U.S. 631, 130 S. Ct. 2549 (2010).

why he was unable to pay the filing fee.  Petitioner has not demonstrated extraordinary circumstances that made it impossible for him to file a federal habeas corpus petition on time.

To appeal the denial of a petition for a writ of habeas corpus, Petitioner must obtain a certificate of appealability, after making a "substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds.  We hold as follows:  When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also James v. Giles, 221 F.3d 1074, 1077-79 (9th Cir. 2000).  Reasonable jurists would not find debatable or wrong this court's determinations that the petition is untimely, that Martinez v. Ryan is inapplicable to petitioner's case, and equitable tolling otherwise is unwarranted.  The court will not issue a certificate of appealability.

Petitioner's motion for appointment of counsel (#3) is moot because the court is dismissing this action.

IT IS THEREFORE ORDERED that petitioner's motion for appointment of counsel (#3) is **DENIED** as moot.

IT IS FURTHER ORDERED that this action is **DISMISSED** with prejudice as untimely.  The clerk of the court shall enter judgment accordingly.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

Dated this 18th day of February, 2014.

_____
ROBERT C. JONES
United States District Judge